SEBRING, Justice (Ret’d).
The case is before us on petition for cer-tiorari pursuant to Section 4(2) Constitution of Florida, F.S.A. which provides, in part, that the Supreme Court may review by certiorari any decision of a District Court of Appeal that passes upon a question certified by the District Court of Appeal to be of great public interest. Susco Car Rental System of Fla. v. Leonard, Fla., 112 So.2d 832. The certificate of the District Court of Appeal filed in this case is to the effect that this Court should entertain the petition because the question passed on in the District Court of Appeal “affects the authority of municipalities to regulate public utilities.” The material facts of the case are these.
Consumers Water Company is a distributor of water to the public. It has no pro *194 duction system of its own but depends for its supply of water on the water production system of the City of Miami. It serves the petitioner, City of South Miami, the City of Coral Gables and the unincorporated territory of Dade County lying adjacent to these municipalities. It is franchised by and subject to the lawful regulations of both municipalities, within their respective boundaries, and to such authority, in respect to the unincorporated territory it serves, as Dade County may lawfully exercise.
The City of South Miami, in pursuance of its statutory power to fix water rates within its own boundaries, enacted Ordinance No. 405 reducing water rates to be charged by Consumers Water Company to customers in the City of South Miami. In the enactment of the ordinance the City based the rates to be charged South Miami customers on the estimated profits of the water system of the company taken as a whole instead of on the estimated profits of the company in the area over which the City had rate making authority.
Before the ordinance became effective, the water company filed a complaint to enjoin its enforcement on the ground, among others, that because of the method used in calculating the rate the ordinance was confiscatory and deprived the Company of its property without due process of law, in violation of the Fourteenth Amendment to the Federal Constitution.
After an answer had been filed by the City, a hearing was held before a special master, who found from the evidence before him that in arriving at the rates set forth in the ordinance the City had unlawfully fixed them on the basis of profits accruing to the Company from its system-wide operations instead of on the basis of profits accruing from operations within the territory over which the City had rate-making authority; and that when computed solely in reference to profits within the City, the rates were arbitrary and unreasonable and deprived the Company of its property without due process of law. Upon these findings the special master recommended that a final decree be entered declaring the challenged ordinance void.
On final hearing, the trial judge rejected the findings of the special master that the City had resorted to an unlawful method in fixing the rates; and ruled, that even if the method believed lawful by the special master had been resorted to by the City, the resultant rates for customers within its boundaries would not have been unreasonable or confiscatory.
On appeal, the Third District Court of Appeal reversed the decree of the trial judge, holding that under the circumstances of the case “the chancellor erred as a matter of law when he ruled that the City properly followed the system-wide basis in establishing its rate”, and that “the use of the system method in calculating a rate of return for a municipality violates the organic law governing rate-making proceedings by city authorities.” It also held that in refusing to follow the special master’s findings to the effect that the evidence had clearly established the unreasonableness of the rates when considered in reference to the operations of the Company within the boundaries of the City, the trial court had committed reversible error in not affording to these findings of fact the weight required by law to be given to the findings of a master. See Consumers Water Company v. City of South Miami (1963) Fla.App., 151 So.2d 845.
Our examination of the record discloses that in disposing of the case the appellate court considered and ruled on every material issue that was before it for decision. In doing this, it gave proper effect to the evidence in the record, the findings and recommendations of the special master, the decree of the trial court, and existing principles of law that were applicable to the issues. For reasons pointed out in its opinion, its conclusion that under the circumstances of the case a unit-base method instead of a system-wide method *195 ■should have been employed by the City in computing the rates to be imposed on the water company was in accordance with law and the facts of the case, as was also its conclusion that the trial judge committed reversible error when he refused to follow the findings and recommendations of the master to the effect that under the law and the facts of the case the rates fixed by the City were unreasonable and confiscatory and operated to deprive the water company of its. property without due process of law.
The decision of the district court, certified to us in these proceedings, is hereby
Affirmed.
DREW, C. J., and THOMAS, O’CON-NELL and CALDWELL, JJ., concur.