CARLTON, Justice.
Petitioner, a utility company supplying water to the City of Marianna and its environs, applied to the City for permission to increase its service rates. The Charter of the City of Marianna, enacted as Chapter 21368, Laws of Florida 1941, vests in the City the authority to regulate utility rates within its jurisdictional area. After hearings, the City refused to grant the requested increase. On petitioner’s appeal, Circuit Court, Jackson County, affirmed the City’s refusal to raise the rates. Subsequently, the District Court of Appeal, First District, affirmed the Circuit Court through a decision reported at 225 So.2d 450 (1968).
We granted the Water Company’s petition for writ of certiorari because a review of the District Court’s opinion in conjunction with the record proper indicates that the District Court has approved a rate of return which appears confiscatory on its face. This approval places the District Court in conflict with Village of Virginia Gardens v. Haven Water Co., 91 So.2d 181 (Fla.1956), and Consumers Water Co. v. City of South Miami, 151 So.2d 845 (3rd D.C.A., Fla.1963), aff’d. 164 So.2d 193 (Fla.1964). In these cases, similar rates of return were found to be confiscatory, unjust and unreasonable.
A utility accepts regulation in return for a reasonable rate of return on its investment which has been reasonably derived. In the instant case, petitioner submitted to the respondents accounting figures which indicated that the rate of return it was receiving was unreasonable. The Commission did not choose to rebut these figures with evidence of its own or from any other source, but nonetheless it denied the rate increase request.
In the course of its appeal to Circuit Court, petitioner again submitted accounting figures which indicated that a rate increase was appropriate. Again respondents chose not to rebut these figures, or to present evidence going to the sufficiency of the current rate of return. The Circuit Court held in its Final Judgment that the respondents’ rate increase denial was proper.
The Final Judgment included findings that petitioner’s property was valued at $741,628.00, and that during the first seven months of operation under petitioner’s management and control of the utility, petitioner received “operating revenue of $71,-518.51.” Nowhere in the Final Judgment did the Circuit Court state what figures it was accepting as reasonable costs of operation, maintenance and other expenses, or what figures it accepted as petitioner’s return on investment under the present rate structure.
Nevertheless, the Circuit Court concluded: “After deduction of reasonable costs of operation, maintenance and other expenses, the income received by plaintiff [petitioner] constitutes a reasonable return on its investment.” This was approved by the District Court, which stated in its opinion that it failed “to find wherein the trial court erred or abused its discretion in any manner in arriving at the conclusion reached.” 225 So.2d at 451.
It is petitioner’s contention that if the Circuit Court accepted the operating revenue figure, it must have accepted as valid the other related accounting figures submitted by petitioner. These figures, when taken together and extended in accordance with standard accounting practices to cover a twelve-month period, indicate that petitioner’s current rate of return is approximately 2.80 per cent. Petitioner urges that this Court not only reverse the lower court, but also that we enter an order approving the rate increase petitioner seeks.
We agree with petitioner that if the Circuit Court accepted the operating revenue figure, it must have accepted the other figures related to it, especially since re *489 spondents declined to present any accounting evidence of their own. But we are aware that accounting figures are relative; much depends upon the system employed, and the same situation may be reflected differently, yet accurately, under different accounting procedures. See Jacksonville Gas Corp. v. Florida R. R. & Pub. Utilities Com’n., 50 So.2d 887 (Fla.1951); and see generally, Black, Champion & Brown, Accounting in Business Decisions (2nd ed. 1967).
Therefore, though we agree with petitioner that on its face, the Circuit Court judgment and the District Court opinion supporting it reflect approval of a confiscatory rate of return, we cannot direct that the increase sought by petitioner be granted. Rather, we think it proper to quash the decision of the District Court with instructions that the cause be remanded to the Circuit Court so that it may make specific findings of fact regarding petitioner’s: (1) income; (2) reasonable costs of operation; (3) amount of investment; (4) amount of present return; and (5) what would constitute a fair rate of return. After making these specific findings, the Circuit Court should review its judgment in light of these findings and, if necessary, alter its judgment accordingly.
Governmental bodies authorized by law to pass upon utility rates must base their decisions upon evidence and not upon some undisclosed factor or factors. A reviewing body’s mere opinion as to what is a proper rate of return is not a valid substitute for evidence. See Metropolitan Dade Co. Water & Sewer Bd. v. Community Utilities Corp., 200 So.2d 831 (3rd D.C.A., Fla. 1967). When the matter reaches the point of judicial review, it is incumbent upon a reviewing court to base its ruling upon the evidence adduced below. When that court’s judgment reflects approval of a confiscatory rate of return, and that reflection is not dissipated by specific findings of fact sufficient to sup-port the judgment, then on appeal the approval must be reversed.
For the foregoing reasons, the decision of the District Court is quashed, and this cause is remanded to it, along with the instructions previously given, for further treatment not inconsistent with this opinion.
It is so ordered.
ERVIN, C. J., and ROBERTS, ADKINS and BOYD, JJ., concur.