**CENTRAL FLORIDA UTILITIES, Inc. v. SEMINOLE COUNTY.**

No. 70-1352.

Circuit Court, Seminole County.

September 15, 1971.

58

Giles, Hedrick & Robinson, Orlando, for the petitioner.

Harold F. Johnson, Sanford, for the respondent.

DOMINICK J. SALFI, Circuit Judge.

This matter is before the court on a petition for writ of certiorari filed by the petitioner, Central Florida Utilities, Inc., requesting the court to review a decision of the board of county commissioners of Seminole County ("the board" hereafter) sitting in its capacity to fix rates for public utilities under chapter 68-74 Special Acts, Laws of Florida and chapter 69-559, Special Acts, Laws of Florida.

A public hearing was held on September 4, 1970 and continued on September 24, 1970 as a result of an application filed by Central Florida Utilities, Inc. to have its water rate charges to customers in Seminole County increased. After hearing the testimony, the board entered an order dated November 17, 1970 wherein it found no justification for an increase in rates but approved a slight increase over the rates then being charged.

The petitioner now complains that the rate of return as approved constitutes a rate of return that is confiscatory and that the board

failed to comply with requirements set out by the Supreme Court in North Florida Water Co. v. City of Marianna, 235 So.2d 487. Also, the petitioner contends that the board made invalid and improper findings in regard to the salaries paid to the officers of the petitioner corporation in that it considered territory outside of Seminole County in finding that said salaries were excessive.

Before deciding the merits of this cause, the court must determine the method and scope of review in this proceeding. It is admitted by all parties, and this court concurs, that the board was sitting in a quasi-judicial capacity. The method of review of a quasi-judicial order rendered by a county administrative agency of last resort is by common law certiorari to the circuit court, pursuant to subsection (3), §6 article V, Florida Constitution. Board of Public Instruction of Duval County v. Sack, 212 So.2d 819 (Third Dist.)

As such, the scope of review of this order is narrowly limited to a determination of whether the administrative agency acted in excess of or without its jurisdiction, or whether it *departed from the essential requirements of law* in entering said order.

Before reviewing the record on appeal, there may be some benefit in reviewing the special acts setting up the power of the board to set utility rates. These acts do not specify any method of review, judicial or otherwise. Yet, the rules and regulations adopted on March 11, 1969, pursuant to these acts, provide in subsection 9.02 a specific procedure for review. The special act permits the adoption of rules and regulations, but only "for the operation of water supply systems and sanitary sewerage systems". Without specific legislative language, the board cannot assume the power to provide a method of review. Any rules or regulations that are not founded upon the legislative act are *surplusage* and of no force and effect. As such, subsection 9.02 of the rules and regulations is void.

On the merits of this appeal, the parties have agreed that the board did not act in excess of or without its jurisdiction. Therefore the only matter for this court to determine is whether the board departed from the essential requirements of law in entering its order dated November 17, 1970.

The order entered by the board made two conclusionary findings —

(1) The requested increase was excessive in light of the testimony.

(2) Salaries paid to the president and the secretary-treasurer of the petitioner corporation were excessive for the duties and services rendered.

The commissioners ultimately in the order indicated that they adjusted these salaries to adequately reflect the actual worth of the president and secretary-treasurer to the petitioner, but then failed to set a monetary figure in this regard. The salaries considered by the board included duties and responsibilities for four counties other than Seminole. In fact, only about one-fourth of the petitioner's income was due to business conducted in Seminole County, the remaining three-fourths was from the surrounding counties. In determining profits, expenditures and rates, the regulatory body cannot use a "system-wide basis" of computation *when areas outside of the jurisdiction of the regulatory body are serviced by the system*. A "unit-base method" of computing rates, expenses and profits is required under Florida laws. City of South Miami v. Consumers Water Company, 164 So.2d 192 (S. Ct. 1964). In the instant case, the board should have considered only the salaries allocated to Seminole County in relation to the duties and responsibilities performed by the president and the secretary-treasurer within Seminole County.

In addition, a more basic problem existed with regard to the board's order. There was a failure to set forth any specific findings of fact. This creates an unconscionable burden upon the petitioner and also upon any reviewing court which may be called upon to determine if, in fact, the commissioners did depart from the essential requirements of law. Specific financial findings in any order of this nature are required in the areas of — (1) income, (2) reasonable costs of operation, (3) amount of investment, (4) amount of present return, and (5) what would constitute a fair rate of return. These requirements have heretofore been set out by the Supreme Court in North Florida Water Company v. City of Marianna, 235 So.2d 486. During oral argument, the attorney for the board conceded that the requirements set forth in the North Florida Water Company case were *not* met in the board's order.

The court agrees with the petitioner's petition on its face, but it cannot determine whether the rates approved by the board are confiscatory or, on the other hand, are fair and adequate, because it is not the function of this court to go into the record and on its own findings set rates. The court, therefore, finds it proper to quash the written order of the board dated the 17th day of November, 1970, with instructions that the board make specific findings as required in this opinion.

For the foregoing reasons, the order of the board of county commissioners of Seminole County is hereby quashed and this cause is remanded to it for compliance with the instructions hereinabove set forth and not inconsistent with this opinion.