CARLTON, Justice.
By petition for writ of certiorari, Gateway Transportation Co., Inc. and Schreiber Express, Inc. seek review of Florida Public Service Commission Order No. 9638, through which the Commission denied Gateway permission to sell and transfer its Certificate of Public Convenience and Necessity No. 9 to Schreiber. Our jurisdiction is provided for under Article V, Section 4(2), Florida Constitution, F.S.A. We find that the writ should issue and that the transfer should be granted.
On review by certiorari of an administrative order, this Court will not evaluate evidence anew; rather our function is limited to a determination of whether the order accords with essential requirements of law and whether the agency had before it competent, substantial evidence to support its findings and conclusions. General Telephone Co. of Fla. v. Carter, 115 So.2d 554 (Fla.1959); Florida Rate Conference v. Florida Railroad and Public Utilities Commission, 108 So.2d 601 (Fla.1959). The question of competent, substantial evidence is at issue here.
Pursuant to Fla.Stat. § 323.041, F. S.A., Gateway and Schreiber Express initiated proceedings seeking Commission approval for sale of Gateway’s certificate to Schreiber. Notice of the filing of the joint application was duly served by the Commission on all carriers engaged in similar business in the geographic area affect *246 ed. No protests were filed within the time limit given in the notice. On its own initiative, which we think was entirely proper, the Commission conducted a public hearing on the application.
At the hearing, Gateway and Schreiber presented various documents and other evidence indicating that the certificate sought to be transferred was not dormant under the law, and that Schreiber was financially able to purchase the certificate and qualified in all respects to conduct operations thereunder. No evidence of an adverse nature was presented, either by any member of the public or by the Commission.
Ultimately, the Commission’s response was rendered in the form of Order No. 9506, through which the application was denied. The Commission objected to the following : to a deletion of a segment of a proposed route; to the fact that Schreiber lacked terminal facilities; to the character of testimony relating to intermediate point traffic; to the quality of service now rendered by Gateway; to the number of lease-operation vehicles involved; to the out-of-state location of Schreiber’s management headquarters; to certain proposed lessor agreements; and finally, to the quality of the financial information and documentation provided in support of the transfer.
Each of these objections pertain to areas of legitimate interest to the Commission, and were they not answered they would be determinative. However, on Petition for Reconsideration, Gateway and Schreiber met each objection, either by offering a creditable explanation or by accepting the Commission’s criticism and revising proposed procedures so as to bring them into conformance with the Commission’s views. The evidence relating to intermediate point traffic was explained, and Schreiber’s acceptance of intermediate point obligations was affirmed. The proposed route deletion, which was only suggested as a tentative response to an untimely objection subsequently removed by two other carriers, was withdrawn. It was emphasized that Gateway’s service record was precisely what Schreiber sought to improve. The lease operations were explained in detail. It was agreed that a management headquarters was to be installed within Florida along with a high company official as chief of operations; this office was to be directly responsible for the satisfaction of the Commission requirements for operating carriers. Schreiber’s financial stability and accountability was again established, and what the Commission deemed to be errors and omissions were explained. In addition to these responses, Schreiber Express offered to post a performance bond, in any amount to be set by the Commission, to insure that all objections would be met. Finally, the applicants made themselves available for any additional appearances at the convenience of the Commission.
The response of the Commission, with one member now dissenting, was a denial of the Petition for Reconsideration through the following language: “We have considered each point raised by the petitioners and conclude no new grounds have been set forth which have not already been fully considered by Order No. 9506.” The Petition for Reconsideration should have been granted. The limits of discretion to be accorded the Commission in its assessment of a potential transferee’s ability to satisfy Commission requirements, or in its determination of the public interest, are not easily defined. But nonetheless, as we stated at the outset, Commission orders must be based upon competent, substantial evidence. When, as here, positive steps are taken to satisfy objections registered in an Order, and proposed arrangements are altered so as to conform with Commission requirements, it is inappropriate for the Commission to act as if no response had been made. The action taken by the Commission majority was taken without any supporting evidence other than speculation or supposition as far as we can discern from the record. See North Florida Water Company v. City of Marianna, 235 So.2d 487 (Fla.1970).
*247 The petition for writ of certiorari is granted; Order No. 9638 of the Florida Public Service Commission denying the Petition for Reconsideration is quashed; the cause is remanded for additional proceedings in which the transfer is to be granted, subject to such further regulation by the Commission as it may deem appropriate.
It is so ordered.
ROBERTS, C. J., and ERVIN, Mc-CAIN and DEKLE, JJ., concur.