299 So.2d 22 (1974)
TAMIAMI TRAIL TOURS, INC., D/B/a Tamiami Trailways, and Greyhound Lines, Inc., Greyhound Lines-East Division, Petitioners,
v.
William H. BEVIS et al., Respondents.
No. 44166.
Supreme Court of Florida.
July 24, 1974.
Rehearing Denied September 24, 1974.
Gregory A. Presnell of Akerman, Senterfitt, Eidson & Wharton, Orlando, for Tamiami Trail Tours, Inc., d/b/a Tamiami Trailways.
John H. Wilbur of Milam, Martin & Ade, Jacksonville, for Greyhound Lines, Inc., Greyhound Lines, East Div., as petitioners.
Prentice P. Pruitt, Tallahassee, for Florida Public Service Comm.
M. Craig Massey of Langston, Massey, Trohn, Clarke & Bertrand, Lakeland, for Cities Transit, Inc. of Florida, as respondents.
PER CURIAM.
This cause is before us on petition for writ of certiorari to the Florida Public Service Commission.
Petitioners seek review of Public Service Commission Orders No. 10555, dated March 2, 1973, and No. 10785, dated July 10, 1973. Both of these orders granted certain authority to the applicant, Cities Transit, Inc. of Florida. The following are the facts of the case:
By application dated January 27, 1972, applicant, Cities Transit, Inc. of Florida, sought a certificate of public convenience and necessity to operate as a common carrier of passengers on regular schedules over four specified routes designated as follows:
Route 12  From Lakeland via Florida Highway 37 to Mulberry, thence to Florida Highway 60 to Bartow, thence U.S. Highway 98 to Lakeland and return serving all intermediate points.
Route 13  From Lakeland, via U.S. Highway 92 to Auburndale, thence Florida Highway 544 to Winter Haven, thence Florida Highway 540 through Cypress Gardens to its intersection with U.S. Highway 27, thence to U.S. Highway 27 to Haines City, thence U.S. Highway 17-92 to Davenport, thence Florida *23 Highway 547 to U.S. Highway 27, thence on U.S. Highway 27 to Interstate Highway No. 4, thence to U.S. Highway 192 and/or Florida Highway 535 to Disney World and return, serving all intermediate points.
Route 14  From Sarasota to Bradenton and Palmetto using U.S. Highway 41, thence U.S. Highway 301 to Florida Highway 674, thence Florida Highway 674 to Florida Highway 37, thence Florida Highway 37 to Lakeland, thence Florida Highway 33 to Interstate Highway No. 4, thence Interstate Highway 4 to U.S. Highway 192 and/or Florida Highway 535, to Disney World, and return, serving all intermediate points.
Route 15  Between Sarasota and Venice via Siesta and Casey Keys. Leave Sarasota from First Street and Central Avenue via First Street to Orange Avenue to Main Street to U.S. 41 to Siesta Drive to Florida 789 to Florida 789A to 789 to Florida 72 to U.S. 41 to Florida 789 (Blackburn Road) to Casey Key thence Florida 789 (Albee Road) to U.S. 41 to Ridgewood Avenue to Venetian Parkway to Venice Avenue to Esplanade Avenue to Tarpon Center Drive to the Venice Yacht Club and return the same route.
Applicant also sought corresponding interstate authority, and authority to engage in charter carriage from all points on the regular route sought. (See Section 323.14, Florida Statutes, 1971).
By Order dated March 14, 1972, this application was set for public hearing in Lakeland, Florida, commencing on Tuesday, April 18. The public hearing was held before a duly appointed Hearing Examiner of the respondent Commission on April 18, June 13, 14 and 15 at Lakeland, and July 19, 1972 at Tampa, Florida.
On September 19, 1972, the Examiner rendered his findings of fact and conclusions in the form of a Recommended Order. By this Order, the Examiner recommended that the application be granted as to Route 12 (Lakeland-Mulberry-Bartow), a portion of Route 14 (Sarasota-Bradenton-Ellenton) and Route 15 (Sarasota-Venice). It was further recommended that Route 13 and that portion of Route 14 which sought authority to Walt Disney World should be denied. In addition, the Examiner concluded that the evidence did not justify the grant of either intrastate or interstate charter authority.
Thereafter, applicant filed Exceptions to the Examiner's Recommended Order and protestants filed their replies thereto. Applicant contended that the entire application should be granted, while protestants asserted that the application should be granted only insofar as recommended by the Hearing Examiner. On December 11, 1972, oral argument was held before the respondent Commission upon the Exceptions filed by applicant, and the protestants' replies thereto.
By Petition dated December 28, 1972, the Casey Key Protective Association sought leave to intervene in the proceeding in opposition to the grant of authority over Casey Key, Florida, and applicant thereafter filed its objection to the Petition for Intervention.
By Order No. 10555, dated March 2, 1973, the Commission affirmed the Examiner's Recommendation that Route 12, a portion of Route 14 and Route 15 be granted; however, the Commission modified the grant of authority over Route 15 to exclude operation over Casey Key, thereby rendering moot the Petition to Intervene on behalf of the Casey Key Protective Association. As to Route 13, (Lakeland to Walt Disney World) the Commission also affirmed the Examiner's finding that no evidence was shown to justify a grant of authority over this route. With respect to the remaining portion of Route 14 at issue, (Ellenton to Walt Disney World), the Commission found that the applicant had not shown a need therefore and consequently this part of the application should be denied *24 in accordance with the Recommendation of the Hearing Examiner. However, the Commission did reverse its Examiner by the grant of intrastate and interstate charter authority in conjunction with each of the routes granted above.
Thereafter, both protestants, Tamiami Trail Tours, Inc. and Greyhound Lines, Inc., as well as applicant, filed Petitions for Reconsideration of the Commission's Order No. 10555, and each party filed a reply to the other's respective Petitions. By Notice dated April 10, 1973, oral argument was scheduled upon the Petitions for Reconsideration before the full Commission on April 23, 1973.
By Order No. 10785, dated July 10, 1973, the Commission granted applicant's Petition for Reconsideration, and effectively reversed its Examiner by granting the entire application.
Our examination and review of the Petition, together with the record as a whole with supporting briefs and arguments of counsel, leads us to the ultimate conclusion that the Examiner's Findings of Fact and Recommended Order were correct. These are supported by competent, substantial evidence in the record and come with recognized validity.
There was no competent, substantial evidence to support the conclusion that public convenience and necessity required or dictated any conclusions other than that arrived at by the Examiner. To the contrary, the Commission's Orders constitute a departure from the essential requirements of law. Fleet Transport Company v. Mason, 188 So.2d 294 (Fla. 1966); Schreiber Express, Inc. v. Yarborough, 257 So.2d 245 (Fla. 1971); Greyhound Corporation v. Carter, 124 So.2d 9 (Fla. 1960); Tamiami Trail Tours, Inc. v. Railroad Commission of Florida, 163 So. 1 (Fla. 1935); Alterman Transport Line v. Carter, 88 So.2d 594 (Fla. 1956); and Central Truck Lines v. King, 146 So.2d 370 (Fla. 1962).
In fact, disregarding the inconsistent conclusions by the Commission, the route ultimately granted by it was not the same route as applied for by the applicant. It is crystal clear that the Commission's action cannot be based upon speculation or supposition.
For these reasons, the petition for writ of certiorari is granted; Orders No. 10555 and 10785 of the Florida Public Service Commission are quashed; and this cause is remanded for entry of an Order consistent with the views herein expressed.
It is so ordered.
ADKINS, C.J., and ERVIN, McCAIN and DEKLE, JJ., concur.
BOYD, J., dissents.