OVERTON, Justice.
This case is before us on petition for writ of certiorari to the Florida Public Service Commission. At issue is the respondent-Commission’s Order No. 11228, granting to Greyhound Lines, Inc., Greyhound Lines-East Division (Greyhound), permanent authority to transport passengers and their baggage between Dunnellon and Ocala via State Road 40. Intervening to protest this order is the petitioner, Tam-iami Trail Tours, Inc. (Tamiami). We have jurisdiction.[1]
The petitioner, Tamiami, first filed an application for transportation authority over the aforementioned route in August, 1970. The Commission denied Tamiami’s application on November 7, 1972,[2] noting that “Greyhound has operated over this route in prior years and . . . Greyhound is in the best position to provide such service because Greyhound already has a terminal in Ocala and is already serving the general area.” The record further reflects that Tamiami did not service the area and had no terminal facilities in Ocala. Tamiami petitioned the Commission for reconsideration of this ruling, which petition is still pending.
On November 21, 1972, the Commission published an amendatory order[3] in this same Tamiami docket, directing Greyhound to institute service between Dunnellon and Ocala over State Road 40 and requiring Greyhound to improve its station facility in Ocala. Tamiami secured a temporary injunction, now lifted, restraining Greyhound’s operation over the subject route because the amendatory order was procedurally defective. Later in November, 1972, Greyhound filed a separate application. The examiner recommended approval of this application by Greyhound, and the Commission affirmed in Order No. 11228 here under review.
Tamiami intervened in this Greyhound application and sought reversal of this order, requesting that further consideration of the Greyhound docket be withheld pending final disposition of its own application. The Commission has not made its final determination of the Tamiami application, in part because other routes are involved and all parties are awaiting a determination by the Interstate Commerce Commission on a connecting interstate route application. It is also noted that the petitioner has not asked the Public Service Commission for a separate final determination of the route in issue in these proceedings.
 The petitioner contends that the Commission’s action in granting the Greyhound application prior to final disposition of Tamiami’s application, which was filed earlier, was arbitrary, capricious, protectionist, and inconsistent with the welfare of the public in development of an adequate transportation service.
We must affirm the Commission’s order. This Court rejected the “first in time, first in right” argument in Tamiami Trail Tours, Inc. v. Mayo, 234 So.2d 4 (Fla.1969). The mere fact that Tamiami filed its application prior to Greyhound’s does not entitle it to priority in the adjudication of that application. We find nothing in the order that is contrary to the essential requirements of law, it being supported by competent substantial evidence in the record. See, e. g., Tamiami Trail Tours, Inc. v. Bevis, 299 So.2d 22 (Fla.1974); Schreiber Express, Inc. v. Yarborough, 257 So.2d 245 (Fla.1971); Florida Rate Conference v. Florida R. R. & Public Utilities Commission, 108 So.2d 601 (Fla.1957).
In affirming this order, we do not approve a practice by the Commission of keeping applicants waiting in the wings while subsequently-filed applications for certificates of public convenience and ne *32 cessity are adjudicated, nor do we approve a philosophy that the largest carrier in a given field be accorded preference in Commission decision-making over a smaller competitor. We merely hold that on the facts before us in the instant case no prejudicial error has been demonstrated by Tamiami.
The petition for writ of certiorari is denied.
It is so ordered.
ADKINS, C. J., McCAIN and ERVIN (Retired), JJ., and FERRIS, Circuit Court Judge, concur.

. See Article V, Section 3(b)(7), Florida Constitution, and Section 350.641, Florida Statutes.

. Order No. 10373 (November 7, 1972).

. Order No. 10373-A (November 21, 1972).