312 So.2d 721 (1975)
SMITH TERMINAL WAREHOUSE COMPANY, Petitioner,
v.
William H. BEVIS et al., Respondents.
No. 45963.
Supreme Court of Florida.
February 19, 1975.
Rehearing Denied June 9, 1975.
Bernard C. Pestcoe, of Pestcoe & Payton, Miami, for petitioner.
Prentice P. Pruitt and Norman H. Horton, Jr., Tallahassee, for respondents.
OVERTON, Justice.
This is a petition for writ of certiorari to review an order of the respondent, Florida Public Service Commission, denying petitioner's application for a permanent for-hire permit to transport goods from his warehouse in Dade County to points in Broward and Palm Beach Counties. We have jurisdiction.[1]
Petitioner presently holds a for-hire permit, issued by the Commission in 1970, to transport freight from his warehouse to points in Dade County in single, casual, nonrecurring trips over irregular routes and schedules, when such transportation is wholly incidental to his warehousing business. In July, 1973, the Commission granted petitioner temporary authority to extend this service to points in Broward and Palm Beach Counties during the cessation of operations by South Florida Freightways, Inc., or until further notification. Subsequently, a hearing was held to determine whether petitioner should be granted permanent authority to operate in Broward and Palm Beach Counties. Gold Coast *722 Trucking & Express, Inc., and Gator Freightways, Inc., appeared at the hearing to protest this proposed extension of petitioner's service.
Although the petitioner was found qualified as a for-hire carrier, the Commission denied the application on the grounds that public convenience and necessity did not require issuance of the permit and granting the application would adversely affect transportation facilities as a whole in the area concerned. Petitioner then initiated the instant proceeding in this Court, principally contending that there was an improper application of Section 323.05, Florida Statutes, and that the Commission abused its discretion in denying a permanent for-hire permit to petitioner.
We, if sitting as the Commission, might well have granted the permit on the record in this cause. However, it is not the function of this tribunal to substitute its judgment for that of the Commission through its examiners. We find no improper application of the appropriate statutory provisions. On review by certiorari of an administrative order, it is our function to determine whether the order departs from the essential requirements of law and whether the agency had before it competent, substantial evidence to support its findings and conclusions. See, e.g., Tamiami Trail Tours, Inc. v. Bevis, 299 So.2d 22 (Fla. 1974); Schreiber Express, Inc. v. Yarborough, 257 So.2d 245 (Fla. 1971); Florida Rate Conference v. Florida R.R. & Public Utilities Commission, 108 So.2d 601 (Fla. 1959). We find no departure from the essential requirements of law in the present case, the Commission's order being supported by substantial competent evidence.
For these reasons, the petition for writ of certiorari is denied.
It is so ordered.
ADKINS, C.J., ROBERTS and McCAIN, JJ., and RUDD, Circuit Court Judge, concur.
NOTES
[1] See Article V, Section 3(b)(7), Florida Constitution, and Section 350.641, Florida Statutes.