ORFINGER, Judge.
Appellee Clark was a teacher holding a continuing contract with appellant. Following a hearing on charges of misconduct in office in which it was alleged that appel-lee struck a student in the face in attempting to discipline that student and that ap-pellee physically restrained and directed the child’s movements prior to striking him, ap-pellee’s continuing contract was terminated and reduced to annual contract and she was suspended without pay for the balance of the school year.
The incident occurred when the teacher escorted the student to the waste basket with her hands on his shoulders so that he could expel some chewing gum from his mouth, which he had been told to get rid of several times and which he had refused to do. The findings of fact by the School Board recite:
After expelling the chewing gum, the student . . . assumed an erect position and turned to face [the teacher] whereupon, either accidentally (as a result of the student’s movement) or as a result of deliberate movement by [the teacher], [the teacher’s] hand made contact with the student[’s] face and her finger struck his eye. (emphasis supplied).
The School Board found this incident to constitute misconduct in office[1] sufficient to warrant the action taken.
Appellee filed a timely appeal to the Department of Education[2] which reversed the decision of the Marion County School Board and ordered appellee’s continuing contract reinstated with back pay. From the decision of the Department of Education the School Board appeals.[3]
Appellant contends that the Department of Education erred in reversing the School Board’s findings, because the Department did not find an absence of competent, substantial evidence to suppc. t the *1309 finding of misconduct in office. In reviewing the actions of a district school board adverse to the continuing contract employee, the Department acts in a quasi-judicial capacity and the standard of review is whether the district board’s conclusions are supported by competent substantial evidence. School Board of Pinellas County v. Noble, 372 So.2d 1111 (Fla.1979); O’Neil v. Pallot, 257 So.2d 59 (Fla. 1st DCA 1972). In its order reversing the district board, the Department didn’t say that it found no competent substantial evidence to support the appealed from order, but we review its determination based on that standard.
Based on the record before us, the Department of Education could determine that there is no competent, substantial evidence to support either the charges filed against this teacher or the findings of the School Board. Therefore, the order of the Department of Education is
AFFIRMED.
FRANK D. UPCHURCH, Jr., J., and MELVIN, WOODROW M., Associate Judge, concur.

. Rule 6B — 4.09(3) Rules of Professional Practices Council, Florida Administrative Code: “Misconduct in office is defined as a violation of the Code of Ethics of the Education Profession so serious as to impair the individual’s effectiveness in the school system.”

. § 231.36, Fla.Stat. (1977).

. § 120.68, Fla.Stat. (Supp.1978).