408 So.2d 706 (1982)
The SCHOOL BOARD OF NASSAU COUNTY, Florida, Appellant,
v.
Gene H. ARLINE, Appellee.
No. AC-489.
District Court of Appeal of Florida, First District.
January 11, 1982.
Rehearing Denied February 5, 1982.
*707 Brian T. Hayes, Monticello, for appellant.
Philip J. Padovano, Tallahassee, for appellee.
THOMPSON, Judge.
The State Board of Education reversed the order of the appellant School Board dismissing appellee teacher and reinstated her with back pay. The School Board appealed on the ground that it had good and sufficient reasons for the dismissal pursuant to § 231.36(4), Fla. Stat. (Supp. 1980). We agree and reverse.
Appellee was hired by the School Board in 1966. In 1969 she obtained a continuing contract and currently teaches in an elementary school housing kindergarten through third grade. She had a history of tuberculosis beginning in 1957. She was given chemotherapy treatment from 1957 to 1960. No positive tuberculosis cultures were found during the six years before she was hired nor during the eleven years thereafter. However, in 1977 she again had a positive tuberculosis culture and has continuously received chemotherapy treatment. Despite appellee's cooperation in a vigorous anti-tuberculosis program since 1977, she had positive tuberculosis cultures both in 1978 and in 1979.
Shortly after the third positive culture in 1979, the superintendent suspended the appellee. After a second hearing, the School Board found that good and sufficient reasons existed for her dismissal and adopted a final judgment of dismissal. The State Board of Education reversed the School Board's dismissal order and adopted the findings of the hearing officer that there was no substantial competent evidence in the record to support the School Board's finding.
The evidence reveals that appellee was teaching young children who are highly susceptible to infectious tuberculosis. Additionally, she was in close and prolonged contact with these highly susceptible young children in a closed indoor environment. Dr. McEuen, Assistant Director of the State Community Tuberculosis Control Service, was the only medical expert to testify at the hearing. She was of the opinion it would be inadvisable for appellee to teach under these conditions and that it was a risk they did not want to take. Accordingly, Dr. McEuen recommended that appellee not teach. There is competent substantial evidence to support the School Board's finding that good and sufficient reasons existed for appellee's dismissal. Section 230.23(6), Fla. Stat. (Supp. 1980) requires that the School Board provide for the welfare of the *708 children attending school, including their health and safety. A teacher with infectious tuberculosis is a totally unacceptable health risk to the highly susceptible children she teaches.
It is contended that there was evidence the appellee could teach older classes where the students are not as susceptible and the contact is not as prolonged or continuous as in elementary school. However, appellee was certified only to teach in elementary schools, and there was no evidence that she attempted to obtain or could obtain a certification to teach higher grades. Accordingly, this contention is without merit.
It is further contended that paragraph nine of appellee's continuing contract would prevent her dismissal as it provides that the failure of a teacher to perform the contract "unless prevented from doing so by reason of personal illness" shall constitute sufficient grounds for termination of the contract. While infectious tuberculosis is a personal illness, the only logical interpretation of this contract provision is that it applies only to a sickness or illness of some reasonable type and duration. It cannot apply to prolonged illnesses such as incapacitating arthritis or cancer nor to long-term infectious tuberculosis which only recently has become curable in most cases. This opinion is buttressed by other language in the continuing contract. The contract permits the School Board to require a teacher to furnish a negative tuberculosis report Additionally, the contract allows the School Board to require a teacher to agree to submit to a physical examination at anytime during the term of the contract. There would be absolutely no point in requiring a teacher under a continuing contract to submit to a future physical examination if the School Board was unable to take any action after obtaining the results of that physical examination.
The School Board has responsibilities both to its teachers and to its students. The Board weighed these responsibilities and concluded that to permit a teacher with infectious tuberculosis to come in close prolonged contact with highly susceptible young children was an unacceptable risk and violative of its responsibility for the welfare, health and safety of its students. Although we may not have reached the same conclusion had we been sitting as the School Board, we may not substitute our judgment for that of the Board as long as there is substantial competent evidence to support its decision. See Smith Terminal Warehouse Company v. Bevis, 312 So.2d 721 (Fla. 1975); Manatee County v. Florida Public Employees Relations Commission, 387 So.2d 446 (Fla. 1st DCA 1980); Wilson v. Pest Control Commission of Florida, 199 So.2d 777 (Fla. 4th DCA 1967). The Board's finding that there were good and sufficient reasons for appellee's dismissal is supported by substantial competent evidence. Accordingly, the case is reversed for the reinstatement of the judgment of dismissal entered by the School Board.
REVERSED.
BOOTH, J., concurs.
ERVIN, J., dissents.
ERVIN, Judge, dissenting.
I would not extricate the board from its obligations under the clear and unambiguous provisions of the contract. Paragraph 9 of appellee's continuing contract of employment states: "Failure of the Teacher to fulfill this contract, and to carry out the lawful provisions hereof, unless prevented from so doing by reason of personal illness or as otherwise provided by law, shall constitute sufficient grounds for the termination of the contract by the County Board." There are no words in this paragraph, or indeed in any other paragraph of the contract, authorizing the board to terminate appellee's contract should she become physically incapable of carrying out her responsibilities as a teacher in the Nassau County School District; consequently the majority's interpretation of the words "unless from doing so by reason of personal illness ..." as meaning that they logically apply "only to a sickness or illness of some reasonable type and duration ..." is, in my judgment, unwarranted. Such a construction is contrary *709 to the well recognized rule that if a contract is clear and unambiguous, a court cannot give it a meaning other than that expressed in it, nor can it rewrite the contract for the parties. See Hamilton Construction Co. v. Board of Public Instruction, 65 So.2d 729 (Fla. 1953); Paddock v. Bay Concrete Industries, Inc., 154 So.2d 313 (Fla.2d DCA 1963); All-Dixie Insurance Agency, Inc. v. Moffatt, 212 So.2d 347 (Fla. 3d DCA 1968).
Clearly, then, the contract calls for no interpretation; however, even if one could validly argue that the contractual language employed was doubtful, it should be observed that the contract was on a form prepared by the State Superintendent of Public Instruction pursuant to the rules of the State Board of Education of Florida then in existence. Given such facts, another common rule of construction applies: doubtful language in a contract should be interpreted most strongly against the party who has selected that language, especially where he seeks to use it to defeat the contract or its operation. Capital City Bank v. Hilson, 59 Fla. 215, 51 So. 853 (1910); Prudential Ins. Co. of America v. Prescott, 130 Fla. 11, 176 So. 875 (1937); Board of Public Instruction v. Fred Howland, Inc., 243 So.2d 221 (Fla. 3d DCA 1970).
Finally, the board's argument that appellee's physical condition caused the contract to be impossible to perform lacks substantial legal support. It has long been recognized that impossibility of performance cannot be invoked as a defense to non-performance where knowledge of the facts making performance impossible was available to the promisor when the contract was executed. See Shore Investment Co. v. Hotel Trinidad, Inc., 158 Fla. 682, 29 So.2d 696 (1947). The board was at such time aware that appellee had previously suffered from tuberculosis  although it was then in a dormant state  yet it made no provision for termination should appellee's condition once again become active. Indeed, paragraph 12 of the contract required only that appellee submit to an examination by two qualified physicians upon request of the board.
It appears that the parties contemplated that if appellee's physical condition were such as to prevent her from performing her duties, she should at most be given a leave of absence. In fact, paragraph 13 of the contract states: "The Teacher may be granted a leave of absence as provided by law, State Board of Education regulations, and the policies of the County Board."
To conclude, the contract of employment gives no authorization to the board to discharge appellee for physical incapacity caused by personal illness. I would therefore affirm the final order of the State Board of Education.