SHARP, Judge.
James A. Bell, d/b/a The Grey Coach Inn, appeals from a final judgment and verdict entered in favor of Albert Jefferson. By its verdict, the jury found Bell negligently failed to maintain the business premises of The Grey Coach Inn in a reasonably safe condition, and that Jefferson suffered injury as a consequence of this breach of duty. We reverse because a review of the record fails to disclose any basis upon which the jury could have found either a causal connection between Jefferson’s injuries and the conduct of Bell as an innkeeper or any breach of Bell’s duty to Jefferson.
The record established that Bell and his wife own a bar in Titusville, Florida, named The Grey Coach Inn. They had on the premises a .22 rifle. The evidence was conflicting as to whether it was kept behind the bar or out of sight in an unlocked storeroom. We will assume the worst case for Bell, that the gun was behind the bar and theoretically accessible to patrons.
On October 5, 1979, Jefferson and his assailant, Lewis, were drinking beer and playing dice outside the Inn. An altercation developed between them and Jefferson *274 slapped Lewis. Lewis left Jefferson and entered the Inn. Lewis testified he walked through the Inn, exited from its rear door and went to his apartment which was nearby. He retrieved his own .22 rifle and returned to the Inn where he shot Jefferson and beat him with the gun.
Jefferson’s case against Bell was predicated on the theory that Lewis injured him with Bell’s rifle. Bell therefore breached his duty to maintain his business premises in a reasonably safe condition by having his .22 rifle located in a place where Lewis could get it and shoot Jefferson. Miracle v. Kriens, 160 Fla. 48, 33 So.2d 644 (1948); Sparks v. Ober, 192 So.2d 81 (Fla. 3d DCA 1966). In support of his theory Jefferson called several witnesses who testified there was a gun kept at the Inn. However, none of these witnesses saw Lewis pick up that gun, nor did they see anyone hand the gun to him. The rifle itself was not in evidence and there was no testimony presented to show the gun that injured Jefferson belonged to Bell.[1]
 An appellate court may not substitute its judgment for that of a jury on a question of fact. Vanzant v. Davies, 215 So.2d 504 (Fla. 1st DCA 1968). The only exception to this rule is where there is no competent or substantial evidence to sustain the jury’s verdict, in which case the verdict must be reversed. Jacksonville Coach Company v. Early, 78 So.2d 369 (Fla.1955); South Carolina Insurance Company v. Wolf, 331 So.2d 337 (Fla. 1st DCA-1976).
We conclude there is no competent or substantial evidence in this case to establish that Lewis shot Jefferson with Bell’s rifle, to suggest Bell was involved in the altercation, or to show that Bell had any reason to suspect Lewis would attack Jefferson. Without proof on one of these points, there was no basis for the jury to conclude Bell breached his duty to Jefferson to maintain his Inn in a reasonably safe condition for the benefit of its patrons. Accordingly, the judgment appealed is
REVERSED.
COBB and FRANK D. UPCHURCH, Jr., JJ., concur.

. Several witnesses testified they saw Lewis shoot Jefferson, and Lewis admitted he shot him. One witness said she had seen a gun close to the cash register the night of the shooting. She said she recognized the gun Lewis used to shoot Jefferson, and it was the same .22 rifle from the bar. On cross-examination she was reminded of her deposition testimony in which she said she did not know if the gun Lewis used was the same gun as the one kept at the Inn. She then testified at trial that the gun Lewis carried looked like the gun kept at the Inn. This testimony completely fails to establish the identity of the rifle as Bell’s.