505 So.2d 682 (1987)
Ann E. MacPHERSON, Appellant,
v.
SCHOOL BOARD OF MONROE COUNTY, Florida, Appellee.
No. 86-878.
District Court of Appeal of Florida, Third District.
April 21, 1987.
Thomas W. Young III, Tallahassee, for appellant.
Muller, Mintz, Kornreich, Caldwell, Casey, Crosland & Bramnick and Gordon D. Rogers, Miami, for appellee.
Before HUBBART, NESBITT and JORGENSON, JJ.
*683 NESBITT, Judge.
Ann E. MacPherson appeals from a decision of the School Board of Monroe County (Board) adjusting her employment status from that of a continuing contract teacher to an annual contract teacher.[1] We affirm.
In 1981, MacPherson, a Monroe County school teacher, injured her feet on sharp glass. Her injuries failed to heal properly partially because she was diabetic. At the time, MacPherson's status was that of a continuing contract teacher. As a result of the slow healing process MacPherson was absent from her teaching position for large portions of the school years between 1981 and 1984. At the end of 1982, the principal of the school at which she taught suggested to MacPherson that she take a medical retirement. She declined, indicating that she wanted to continue to teach. During the 1981-82, 1982-83, and 1983-84 school years MacPherson was absent for 60.5, 74, and 48 days, respectively.
In March 1984, when MacPherson's attendance record showed no sign of improving, the Board's superintendent recommended to the Board that MacPherson's contract status be adjusted from continuing to annual. MacPherson contested the recommendation and requested a hearing before a hearing officer pursuant to section 120.57, Florida Statutes (1985).[2] After the hearing, the hearing officer made a number of findings of fact and concluded that the superintendent's recommendation to adjust MacPherson's status was not supported by "good and sufficient reasons" as required by section 231.36(4)(b), Florida Statutes (1985). The superintendent filed exceptions to the hearing officer's recommended order, which were considered by the entire Board. The Board rejected the hearing officer's recommended order and, based on MacPherson's excessive absenteeism, unanimously concluded that "good and sufficient reasons" existed to return MacPherson to annual contract status. MacPherson appeals pursuant to section 120.68, Florida Statutes (1985).
Section 231.36(4)(b), Florida Statutes (1985) grants school boards the authority to dismiss or downgrade the status of a continuing contract teacher for "good and sufficient reasons" on the written recommendation of the superintendent. By its terms, the section only applies when the action is taken at the end of the school year as in the case sub judice. The section gives no indication of what constitutes "good and sufficient reasons."
Chapter 120, Florida Statutes (1985) sets out the standards to be used by both the Board in its treatment of the hearing officer's recommended order and by this court in its review of the Board's final order. Under section 120.57(1)(b)(9), unless a hearing officer arrives at factual findings by means of a procedurally flawed hearing, an agency must accept the factual findings of the hearing officer if supported by competent substantial evidence. The same is not true for the conclusions of law set out in a hearing officer's recommended order, which the agency is free to reject in whole or in part. Siess v. Department of Health & Rehabilitative Servs., 468 So.2d 478 (Fla. 2d DCA 1985); Alles v. Department of Professional Regulation, Constr. Indus. Licensing Bd., 423 So.2d 624 (Fla. 5th DCA 1982); § 120.57(1)(b)(9), Fla. Stat. (1985).
In its final order the Board rejected the hearing officer's finding that MacPherson's feet had completely healed and would not adversely affect her performance in the future. We believe that the Board was justified in rejecting this finding as having no competent record support. *684 The hearing officer based his decision solely on MacPherson's testimony that both she and her doctor felt that her feet had completely healed. The hearing officer recognized that the doctor's opinion was hearsay but relied upon it as corroboration for MacPherson's testimony. Although hearsay evidence is admissible in an administrative hearing to corroborate or explain other evidence, it may not be used to support a finding not otherwise supported by competent substantial evidence. Spicer v. Metropolitan Dade County, 458 So.2d 792 (Fla. 3d DCA 1984); Pasco County School Bd. v. Florida Pub. Employees Relations Comm'n, 353 So.2d 108 (Fla. 1st DCA 1977); § 120.58(1)(a), Fla. Stat. (1985). Since the only basis for admitting the doctor's hearsay opinion was as support for MacPherson's testimony which was based upon the same doctor's opinion, it follows that the hearing officer's finding that MacPherson was completely healed was not supported by the requisite competent substantial evidence. Consequently, the Board was free to reject the hearing officer's finding, that MacPherson's health would not cause her to be excessively absent in the future, in favor of a contrary finding based on her past performance.[3]
The issue facing the Board, therefore, was whether the facts, namely, that MacPherson had been absent excessively over the preceding years, that her attendance record was not expected to improve, and that her absences had a detrimental effect on her students, constituted "good and sufficient reason" to downgrade her status. Although MacPherson attempts to characterize this issue as factual, it is clear that it is a conclusion of law. Cf. Siess, 468 So.2d at 478 (whether violations found to exist by hearing officer amounted to acts "seriously affecting the health, safety, or welfare of a resident" as required for license revocation by section 400.414(2)(a), Florida Statutes (1983) was conclusion of law); Hernicz v. Department of Professional Regulation, 390 So.2d 194 (Fla. 1st DCA 1980) (based on undisputed facts administrative agency's decision that nurse acted without authorization was conclusion of law). Owing a responsibility to both students and teachers, the Board had to weigh its responsibilities and determine whether a continually absent teacher is able to provide adequate instruction for school students. Cf. School Bd. of Nassau County v. Arline, 408 So.2d 706 (Fla. 1st DCA 1982) (court, considering school board's responsibility for welfare of students, held that school board validly determined that "good and sufficient reasons" existed to dismiss continuing contract teacher suffering from infectious tuberculosis), reversed on other grounds, ___ U.S. ___, 107 S.Ct. 1123, 94 L.Ed.2d 307 (1987). Accordingly, the Board was within its discretion in rejecting the hearing officer's recommended conclusions of law and deciding that "good and sufficient reason" existed to return MacPherson to annual contract status.[4]See Arline, 408 So.2d at 706; Marion County School Bd. v. Clark, 384 So.2d 1307 (Fla. 5th DCA), review denied, 392 So.2d 1377 (Fla. 1980); § 120.57(1)(b)(9), Fla. Stat. (1985); cf. Siess, 468 So.2d at 478.
*685 Finding that the record viewed as a whole contains competent substantial evidence to support the Board's final order, we affirm the Board's decision adjusting MacPherson's status to that of an annual contract teacher.
NOTES
[1] The primary difference between annual and continuing contracts is that annual contracts are simply permitted to expire at the end of the school year and teachers subject to such a contract have no right to re-employment, see Lake County Educ. Assoc. v. School Bd. of Lake County, 360 So.2d 1280 (Fla. 2d DCA), cert. denied, 366 So.2d 882 (Fla. 1978), while continuing contract teachers may not be dismissed at the end of the school year absent "good and sufficient reasons." § 231.36(4)(b), Fla. Stat. (1985).
[2] The hearing was continued after MacPherson requested and was granted a medical leave for the 1984-85 school year. When MacPherson returned to her position for the 1985-86 school year, the hearing resumed.
[3] The correctness of the Board's rejection of the hearing officer's finding is borne out by the fact, raised in the Board's suggestion of mootness and not disputed by MacPherson's response, that despite MacPherson's assurances she was absent for 72 of the 196 day, 1985-86 school year.
[4] Not only was the Board at liberty to disregard the hearing officer's recommendations on this issue, but it is apparent from the record that the hearing officer's recommendation was based on an incorrect standard. The hearing officer mistakenly applied section 231.36(4)(c) instead of section 231.36(4)(b), Florida Statutes (1985). Subsection (4)(c) sets out the grounds for the dismissal or suspension of a continuing contract teacher at any time during the school year. Under subsection (4)(c), the Board may only dismiss or suspend a continuing contract teacher whose actions result in charges based upon "immorality, misconduct in office, incompetency, gross insubordination, willful neglect of duty, drunkenness, or conviction of a crime involving moral turpitude." The hearing officer here simply assumed that the offenses listed in subsection (4)(c) applied and, after devoting a large portion of the hearing to determining whether MacPherson was incompetent to teach, decided that she had not violated any of the offenses and should not have her status downgraded.