## BEMLEY v METROPOLITAN DADE COUNTY

Case No. 90-118 AP

Eleventh Judicial Circuit, Dade County

May 17, 1991

### APPEARANCES OF COUNSEL

**Douglas C. Hartman, Esquire,** for appellant.

**Robert A. Ginsburg,** Dade County Attorney and **John McInnis,** Assistant County Attorney, for appellee.

Before CAPUA, FERRO, WILSON, JJ.

### OPINION OF THE COURT

FERRO, J.

This appeal follows the dismissal of the appellant from his position as a correctional officer with the Dade County Department of Corrections and Rehabilitation.

In *Jones v City of Hialeah,* 294 So.2d 686 (Fla. 3d DCA 1974), the court stated that "particularly in cases where individuals are threatened with serious deprivations such as the loss of a job" the hearsay rule

should not be totally discarded. Although the technical rules of evidence do not apply in administrative hearings in the same fashion as in courtrooms, the concept of "fundamental fairness" requires that individuals be afforded the protections guaranteed through the Constitution. At a minimum, the appellant should have been given the opportunity to examine and confront the witnesses testifying against him.

The courts have clearly stated that hearsay evidence alone is insufficient to support the dismissal and/or termination from employment. *Spicer v Metropolitan Dade County,* 458 So.2d 792 (Fla. 3d DCA 1984); and *McPherson v School Board Monroe County,* 505 So.2d 682 (Fla. 3d DCA 1987). It is clear that the only evidence in this matter is the hearsay evidence introduced against the appellant.

The record of the proceedings below indicate that the appellant properly preserved this issue for the court's consideration. There is nothing in the record, with the exception of the documents presented by the appellee, to meet their burden of proof. Justice requires that there be substantial competent evidence to uphold the county manager's decision that deprives the appellant of his livelihood. The county manager's decision is not supported by substantial competent evidence.

Therefore, based upon the foregoing, we reverse and remand to the County Manager with instructions to grant the appellant a new administrative hearing.

CAPUA and WILSON, JJ., concur.

REVERSED.