## BUY WISE, INC. v METRO DADE COUNTY—CONSUMER PROTECTION DIVISION

Case No. 91-073AP

Eleventh Judicial Circuit, Dade County

November 15, 1991

### APPEARANCES OF COUNSEL

**John H. Pelzer, Esquire,** Ruden Barnett, McClosky, Smith, Schuster & Russell, P.A., for appellant.

**Jay W. Williams,** Assistant Dade County Attorney, for appellee.

Before GOLDMAN, DONNER, MUIR, JJ.

### OPINION OF THE COURT

GOLDMAN J.

This is an appeal from a hearing officer's finding of guilt for alleged

violation of Dade County Code of Ordinances, Section 8A-108(a).[1]

We reverse. There was no substantial evidence upon which the hearing officer could base a finding of guilt.[2]

It is clear the purpose of the Code is to prevent consumer fraud, especially through bait and switch tactics. Common sense tells us that the intent necessary is not just the intent to sell a product, but the intent to mislead, or disseminate false information.

In this case an ad was placed in the Miami Herald which contained a mistake. There was no evidence of intent proven. Buy Wise attempted to correct the mistake, and further produced invoices proving they sold the advertised T.V.'s or its equivalent (or even better sets) at the advertised price.

The County simply failed to produce any competent substantial evidence of an intent to violate the ordinance. See *Vance v Indian Hammock Hunt and Riding Club Ltd.,* 403 So.2d 1367 (Fla. 4th DCA 1981).

A Hearing Officer's decision must be reversed where there is no competent, substantial evidence to support the decision. *Bell v Jefferson,* 414 So.2d 273 (Fla. 5th DCA 1982).

Accordingly, the decision of the Hearing Officer is reversed.

REVERSED.

DONNER and MUIR, JJ., concur.

---

[1] The Code provides in pertinent part: "It is unlawful for any . . . corporation . . . with *intent* to directly or indirectly dispose of . . . personal property . . . or to induce the public to enter into an obligation relating thereto, to make or disseminate, cause to be made or disseminated before the public in this County, in any newspaper . . ., any . . . representation or statement of fact, concerning such . . . personal property, which is untrue or misleading *and* which is known, or which by the exercise of reasonable care, should be known to be untrue or misleading."

[2] The hearing officer admitted into evidence a letter written by a dissatisfied customer. Hearsay evidence is admissible in an administrative hearing to corroborate other evidence, but may not be used to support a finding that is not otherwise supported by competent, substantial evidence. *MacPherson v School Board of Monroe County,* 505 So.2d 682 (Fla. 3d DCA 1987). This critical hearsay evidence was not corroborated by any other substantial evidence.