COPE, Judge.
Andres Bustillo appeals a disciplinary order by the Board of Medicine. We affirm.
In 1987 Dr. Bustillo entered into a consent decree which settled a prior action brought by the Department of Professional Regulation. The consent decree required that Bustillo would abstain from any consumption of controlled substances and that, for a period of two years, Bustillo would submit voluntarily to random urine and/or blood testing as prescribed by the agency. Dr. Bustillo conceded below that random meant “any place, any time.”
Three months after the consent decree was entered, a Department investigator arrived unannounced at Dr. Bustillo’s office to collect a urine sample. The hearing officer found that the doctor was in the office and knew the purpose of the visit, but refused to see the investigator. The doctor’s secretary instead advised the investigator to make an appointment the following day. In November the investigator again attempted to collect a sample and was referred to Bustillo’s attorney. The investigator demanded that the sample be provided by the end of the work day. It was never provided.
The Department commenced proceedings against the doctor’s license. The hearing officer found that the samples had not been provided when required. He concluded, however, that in each instance the doctor’s reaction had been reasonable, first, in October, in attempting to schedule an appointment for the following day, and second, in November, by offering to give the sample after the end of the work day but beyond the deadline set by the Department investigator. The hearing officer rendered a con- *611 elusion of law that the doctor had substantially complied with the terms of the consent order.
On review of the hearing officer’s recommended order, the Board of Medicine accepted the hearing officer’s findings of fact but rejected the conclusion of law. The Board instead concluded that Dr. Bustillo had violated the consent decree. The Board then entered its final order accordingly.
We entirely agree with the Board’s analysis. The requirement for random testing meant that the testing would be performed at the time and place of the agency’s choosing and was not a matter of negotiation. The Board was correct in concluding that there had been a material violation of the consent order and in rejecting the hearing officer’s conclusion of law to the contrary. See, e.g., Public Employee Relations Comm’n v. Dade County Police Benevolent Ass’n, 467 So.2d 987 (Fla.1985); MacPherson v. School Board, 505 So.2d 682, 683 (Fla. 3d DCA 1987); DeLaurier v. School Board, 443 So.2d 1067 (Fla. 3d DCA 1984).
Dr. Bustillo also objects to a provision in the final order which states:
Respondent shall appear before the Board at their first meeting after rendition of this Order, and semi-annually thereafter during the term of this Order and at such other times as directed by the Board. At these appearances, Respondent shall answer questions, under oath, as posed to him by Board members, counsel for the Board, and counsel for Petitioner.[*]
(Emphasis added). Dr. Bustillo contends that, as written, the order forbids him from invoking the fifth amendment, and subjects him to discipline if he does so. The agency indicated at oral argument that it does not so construe that paragraph of the order, and that the invocation of the fifth amendment would not, in and of itself, violate that paragraph of the order.
Affirmed.