573 So.2d 921 (1990)
ETIOLE INTERNATIONAL, N.V., a Foreign Corporation D/B/a Casa Bella Apartments, Appellant,
v.
MIAMI ELEVATOR COMPANY, INC., Appellee.
No. 88-2862.
District Court of Appeal of Florida, Third District.
December 26, 1990.
Rehearing Denied February 20, 1991.
*922 Richard A. Sherman and Rosemary Wilder, Ft. Lauderdale, for appellant.
Daniels and Hicks and Elizabeth Koebel Russo and Ralph O. Anderson, Richard E. Hardwick, for appellee.
Before BASKIN, FERGUSON and COPE, JJ.
PER CURIAM.
Etiole International is the owner and operator of the Casa Bella Apartments. It entered into an agreement with Miami Elevator Company for the maintenance of four elevators at the apartment complex. The agreement provides on the second page of the two page document:
Purchaser does hereby further unconditionally agree to indemnify and hold harmless MIAMI ELEVATOR COMPANY and its officers, directors and employees from any and all claims as enumerated above, including, but not limited to, any demands, judgments, awards, liabilities, costs, attorney's fees or any other damages on account of any such actions or claims, regardless of the cause of said actions and regardless of any negligence upon the part of MIAMI ELEVATOR COMPANY.

[Emphasis added].
Laude Miguel Pena, a resident or visitor at the Casa Bella Apartments, was injured when he tripped and fell while leaving the elevator. The cause of the fall was a misleveling of the elevator approximately one inch below floor level on the building's fourth floor. Pena sued Etiole and Miami Elevator. Etiole filed a third-party indemnity action against Miami Elevator. Miami Elevator counterclaimed against Etiole for indemnification. This appeal is brought from a summary judgment for Miami Elevator on both indemnity actions.
The dispositive issue is whether a jury question is presented on the question of the clarity and, for that reason, the enforceability of the indemnification clause.
Contracts of indemnification will be enforced only if they express an intent to indemnify against the indemnitee's own wrongful acts in clear and unequivocal terms. Charles Poe Masonry, Inc. v. Spring Lock Scaffolding Rental Equip. Co., 374 So.2d 487 (Fla. 1979). In drafting the contract to say that it would be held harmless "regardless of the cause ... and regardless of any negligence" on its own part, Miami Elevator clearly expressed its intent. We have approved similar language as effective to exonerate an indemnitee for its acts of ordinary negligence. See Middleton v. Lomaskin, 266 So.2d 678 (Fla. 3d DCA 1972). In John W. Eshelman & Sons, Inc. v. Seaboard Coast Line R.R. Co., 431 So.2d 345, 346 (Fla. 2d DCA 1983), a similar indemnity clause, whereby the lessee agreed to hold the lessor harmless "whether such injury, death, loss or damage *923 result[ed] from negligence of Lessor, its agents or otherwise", was held unambiguous and enforceable. There is no appreciable distinction between this case and the two which are cited above.
The summary judgment is affirmed.