584 So.2d 603 (1991)
ESCAMBIA COUNTY, Florida, Appellant,
v.
TRANS PAC, and Florida Department of Environmental Regulation, Appellees.
No. 90-1848.
District Court of Appeal of Florida, First District.
July 31, 1991.
Rehearing Denied September 18, 1991.
*604 C. Anthony Cleveland, Oertel, Hoffman, Fernandez & Cole, P.A., Tallahassee, for appellant.
Steven R. Andrews, Tallahassee, for appellee Trans Pac.
E. Gary Early, Tallahassee, for appellee Dept. of Environmental Regulation.
PER CURIAM.
Escambia County appeals an order of the Department of Environmental Regulation which issued a permit for a hazardous waste storage and treatment facility to appellee Trans Pac, Inc. We affirm.
In 1988, Trans Pac sought a permit from the Department of Environmental Regulation (the "Department") to construct a hazardous waste storage and treatment facility in Escambia County. By notice of intent, the Department informed the public of its intent to issue a permit to Trans Pac. In July of 1989 Escambia County (the "County") objected to issuance of the permit and filed a petition for formal administrative hearing.[1]
After considerable discovery, the parties entered into a stipulation which provided that the only matters to be resolved by the hearing officer were two legal issues.[2] One of those legal issues was whether an applicant for a permit for such a facility must demonstrate the need for such a facility as a precondition for issuance of the permit. The hearing officer determined the statutory scheme did not require the permit applicant to demonstrate need and entered an order recommending issuance of the permit. Based upon the hearing officer's order, the Department ordered that the permit be issued forthwith. The County instituted this appeal.
*605 The County argues that an applicant for a permit must demonstrate need and since Trans Pac made no showing of need, the Department's order is in error. The County relies primarily on section 403.723(1), Florida Statutes which provides in pertinent part:
Each county ... shall designate areas within the county at which a hazardous waste storage facility could be constructed to meet a demonstrated need.

(Emphasis added). Section 403.722(4), under which Trans Pac has applied for the permit is entitled: "Permits hazardous waste disposal, storage and treatment facilities." (Emphasis added). The Department and Trans Pac argue this case involves a permit application under section 403.722(4) and there is no reference to need in that section of the statute. The Department and Trans Pac argue that section 403.723(1) has no relevance to the permitting procedure. They point out that section 403.723(1), where need is mentioned and upon which the County relies so heavily, is entitled: "Siting of hazardous waste facilities." Appellees argue that since this is not a controversy concerning the siting of the facility, section 403.723(1) is not applicable.
We are required to consider a statute as a whole in determining the legislature's intent. E.g., Florida Jai Alai, Inc. v. Lake Howell Water and Reclamation District, 274 So.2d 522, 524 (Fla. 1973). In addition, we are to accord great deference to agency interpretations of a statute if that agency is required to enforce the statute in question. E.g. Department of Environmental Regulation v. Goldring, 477 So.2d 532, 534 (Fla. 1985). As we have noted before, as the reviewing court we will defer to the agency's interpretation of the statute if the agency's interpretation is within the range of permissible interpretations of the statute. Natelson v. Department of Insurance, 454 So.2d 31, 32 (Fla. 1st DCA 1984); Accord, Laborers' International Union of North America, Local 478 v. Burroughs, 541 So.2d 1160, 1162 (Fla. 1989). In our opinion, the Department's interpretation of the statute is certainly a permissible interpretation. As the Department notes, this is a permit proceeding under section 403.722, Florida Statutes. Need is not mentioned in section 403.722. Thus, the Department's interpretation that need must not be demonstrated in obtaining a permit under section 403.722 is a perfectly permissible interpretation of the statute.
The County's interpretation of the statute seems strained at best. Section 403.723 is directed at counties, not the Department. The preface to that section states:
It is the intent of the Legislature to facilitate siting of proper hazardous waste storage facilities in each region and any additional storage, treatment, or disposal facilities as required. The Legislature recognizes the need for facilitating disposal of waste produced by small generators, reducing the volume of wastes generated in the state, reducing the toxicity of wastes generated in the state, and providing treatment and disposal facilities in the state.

(Emphasis added.) Thus the County seems required to find a site for what the legislature has already determined is a need. The requirement that a permit applicant must demonstrate local need would seem to run contrary to the state's overall permitting plan. "State environmental permitting is based on the premise that a state permit enforces a minimum standard to protect the state's interest regardless of local decisions about the same project." Note, Environmental Permit Coordination in Florida, 3 J. Land Use & Evn't.L. 53 (1987), citing, Digest of Initial Reports to the Evn't. Efficiency Study Comm. of the Fla.Leg. 7 (Dec. 11, 1986).[3]
*606 Finally, the County argues that the Department's order which mandates that the permit issue forthwith conflicts with the parties' stipulation which required Trans Pac to perform certain conditions before issuance of the permit. We agree with Trans Pac that this issue was not raised below and thus not preserved for appeal. In addition, there is no evidence in the record that those conditions have not been complied with.
Accordingly, the order on appeal is affirmed.
ERVIN and WIGGINTON, JJ., and CAWTHON, Senior Judge, concur.
NOTES
[1] In November, 1989, the County issued Trans Pac a certificate of need for such a facility.
[2] The stipulation provided in pertinent part:

1. The parties stipulate that of all the disputed issues of material fact set forth in paragraph 6 of the Petition for Hearing, only those legal issues listed in subparagraphs 6an and 6ao remain for objection... .
.....
6. The parties hereby agree that no disputed issues of fact remain in this case....
(Emphasis added). Paragraph 6an of the petition provided:
an. Whether the application fails to comply with section 403.723, Florida Statutes, in that TRANSPAC has failed to demonstrate that it proposal will meet a demonstrated need for a hazardous waste storage facility.
Paragraph 6ao is not at issue in this appeal.
[3] Moreover, we note that the County issued Trans Pac a certificate of need, while the permitting process was underway. Based on our ruling that the statute did not require Trans Pac to demonstrate need to be issued the permit, we do not need to decide if the County was estopped by its action of issuing a certificate of need from asserting that Trans Pac must prove need. However, we believe the County's action in issuing the certificate of need belies its argument here that Trans Pac must prove the need for such a facility.