664 So.2d 312 (1995)
FORTUNE INSURANCE COMPANY, Appellant,
v.
DEPARTMENT OF INSURANCE, Appellee.
No. 95-9.
District Court of Appeal of Florida, First District.
December 8, 1995.
*313 Harold H. Catlin and Holly J. McCorkle of Saalfied, Catlin & Coulson, P.A., Jacksonville, for Appellant.
James B. Redner, Department of Insurance, Tallahassee, for Appellee.
SMITH, Senior Judge.
Fortune Insurance Company (hereafter "Fortune") appeals from a final order of the Department of Insurance (hereafter "Department"). The Department ruled that it has the authority, under Section 627.062(2)(g), Florida Statutes, to review and disapprove an insurer's rate as excessive at any time after the expiration of a period of one year following final approval by the Department, without necessity for a finding that a material misrepresentation or material error was made by the insurer in its rate filing. We affirm.
The facts, which are not in dispute, so far as they pertain to this appeal are as follows. Fortune, an insurance company authorized to conduct an insurance business in Florida, engages in the business of writing home-owners' insurance throughout Florida. In 1985, Fortune sought approval of homeowners' insurance rates to be charged by Fortune in four geographic zones. In January of 1986, the Department approved Fortune's homeowners rates in all four zones. Fortune requested no rate modification between January, 1986 and June 11, 1993, on which date Fortune filed a request for approval of an increase in rates within Zones I, II, and III, pursuant to section 627.062(2)(a)1, Florida Statutes. Fortune did not seek a rate increase in Zone IV. On January 25, 1994, the Department furnished to Fortune a proposed base rate for all four zones. Based upon its review, the Department found Fortune's requested rates for Zones I, II and III were inadequate, and that the rates for Zone IV were excessive. Fortune disagreed with the Department's determination and withdrew its 1993 request for approval by letter dated February 18, 1994. By letter dated March 7, 1994, the Department accepted the withdrawal of the 1993 request and informed Fortune that the withdrawal was "equivalent to the filing never having been submitted."
However, by letter dated March 8, 1994, the Department notified Fortune that it had reviewed Fortune's current rates, and that the Department had found on a preliminary basis that certain of Fortune's rates were excessive and certain rates were inadequate. The Department also gave notice of its intention to initiate proceedings to disapprove the rates.
At Fortune's request, a formal administrative hearing was held pursuant to Chapter 120, Florida Statutes. At the conclusion of the hearing the hearing officer issued his recommended order finding that the rates in Zones I, II, and III were inadequate, and that a final order should be entered accordingly. The hearing officer further found that the rate in Zone IV was excessive. However, the hearing officer concluded, as a matter of law, that the Department had no authority under Section 627.062(2)(g) to require a decrease based upon "excessiveness."
The Department filed exceptions to the recommended order with respect to certain of the hearing officer's conclusions of law. Thereafter the Department, acting through the Insurance Commissioner of the State, issued a final order in which it approved the hearing officer's findings of fact, but rejected the hearing officer's conclusion of law with respect to disapproval of Fortune's rates in Zone IV as excessive. Instead, the Department concluded that Section 627.062(2)(g), properly construed, authorized the Department to review and disapprove a rate as excessive where the rate had been approved either by "final approval," or after the rate had been "deemed approved."
Section 627.062(2)(g) provides in pertinent part as follows:
The department may at any time review a rate, rating schedule, rating manual, or *314 rate change; the pertinent records of the insurer; and market conditions. If the department finds on a preliminary basis that a rate may be excessive, inadequate, or unfairly discriminatory, the department shall initiate proceedings to disapprove the rate and shall so notify the insurer. However, the department may not disapprove as excessive any rate for which it has given final approval or which has been deemed approved for a period of 1 year after the effective date of the filing unless the department finds that a material misrepresentation or material error was made by the insurer or was contained in the filing... .
(Emphasis added.)
The hearing officer interpreted this statute as precluding the Department from disapproving a rate as excessive, absent a material misrepresentation or error in the insurer's filing, if the rate has been given "final approval" by the Department. However, as to the Department's authority to find excessive any rate "deemed approved," the hearing officer found that the language of Section 627.062(2)(g) precluded such disapproval by the Department only for a period of one year from the effective date of filing, after which the Department could disapprove a rate as excessive. In keeping with the foregoing analysis, the hearing officer found that since Fortune's 1986 rate for Zone IV had been given final approval, the Department had no authority to declare the rate excessive.
The Department's final order agreed with the hearing officer's construction of the statute so far as his recommended order dealt with rates "deemed approved." The Department disagreed, however, with the hearing officer's conclusion as to the Department's authority to disapprove as excessive a rate given "final approval." The Department concluded that under a proper interpretation, taking into account the entire language of Section 627.062(2)(g), as well as related statutory provisions, the Department had authority to also disapprove rates as excessive even though approved under the "final approval" provision, the only limitation on such authority being the same as for rates "deemed approved"; that is, after a rate has been given "final approval," the Department may not declare the rate excessive until after the expiration of a one-year period from the insurer's filing date, unless the Department also finds a material misrepresentation or error in the insurer's filing.
On appeal, Fortune contends that both the hearing officer and the Department erred in their interpretation of the statute's prohibition against disapproval as excessive a rate "deemed approved." Under Fortune's view, the language "for a period of one year after the effective date of filing," merely provides a one year window within which the Department may disapprove as excessive a rate "deemed approved," after which the Department's authority ceases, unless the Department also finds a material misrepresentation or error in the insurer's filing.[1] As to rates which have received "final approval," Fortune urges that the hearing officer was correct in finding that the Department has no authority to disapprove such a rate as excessive, absent a material misrepresentation or error in the filing.
We begin our analysis by noting the appropriate standard of review. It is a well-settled principle that the interpretation of a statute by the agency responsible for its enforcement is entitled to great weight, and will not be overturned unless clearly erroneous. Dep't of Envtl. Reg. v. Goldring, 477 So.2d 532 (Fla. 1985); Shell Harbor Group, Inc. v. Dep't of Bus. Reg., 487 So.2d 1141 (Fla. 1st DCA 1986); Escambia County v. Trans Pac, 584 So.2d 603 (Fla. 1st DCA 1991). It is also well-settled that a hearing officer's legal conclusions, as opposed to factual determinations, are not clothed with a presumption of correctness and thus, an agency is free to substitute its own conclusions of law for those of the hearing officer. Harloff v. City of Sarasota, 575 So.2d 1324 *315 (Fla. 2d DCA 1991); Bustillo v. Dep't of Prof. Reg., 561 So.2d 610 (Fla. 3rd DCA 1990).
As above noted, the Department has interpreted section 627.062(2)(g) as authorizing its review and disapproval of an insurer's rate as excessive at any time, subject only to the limitation that after a rate has been given final approval or a rate has been deemed approved, a rate cannot be disapproved as excessive until the expiration of one year after the insurer's rate filing. This construction by the Department appears to be a reasonable one, well within the legislative intent as reflected by related statutory provisions setting out the purposes sought to be accomplished by the law and the guidelines to be followed by the Department in carrying out its rate-governing authority.
The statute under consideration was enacted in 1986 as a part of extensive revisions to the "Rating Law" portions of Chapter 627, Florida Statutes, particularly sections 627.011-627.381. See, Chapter 160, Laws of Florida (1986). The purposes of the law are stated in section 627.031, as follows:
627.031 Purposes of this part; interpretation. 
(1) The purpose of this part are:
(a) To promote the public welfare by regulating insurance rates as herein provided to the end that they shall not be excessive, inadequate, or unfairly discriminatory;
....
(2) It is the purpose of this part to protect policyholders and the public against the adverse effects of excessive, inadequate, or unfairly discriminatory insurance rates, and to authorize the department to regulate such rates. If at any time the department has reason to believe any such rate is excessive, inadequate, or unfairly discriminatory under the law, it is directed to take the necessary action to cause such rate to comply with the laws of this state.
Consistent with the purposes expressed above, the first sentence of section 627.062(2)(g) provides that the Department may "at any time" review a rate. (Emphasis added.) The second sentence authorizes the Department to initiate proceedings to disapprove any rate that may be "excessive, inadequate, or unfairly discriminatory."
Of critical significance is the third sentence, which reads:
However, the department may not disapprove as excessive any rate for which it has given final approval or which has been deemed approved for a period of 1 year after the effective date of the filing unless the department finds that a material misrepresentation or material error was made by the insurer or was contained in the filing.
In the light of the purposes of the rating law and the broad grant of authority to review and disapprove rates "at any time," we find no reason to interfere with the Department's interpretation, nor, for that matter could we, since we cannot say that its interpretation is clearly erroneous. In our view the Department was not bound to accept the hearing officer's conclusions that the one-year limitation on disapproval for excessiveness applies only to a rate "which has been deemed approved," and that a rate given "final approval" is not subject to disapproval for excessiveness in the absence of a material misrepresentation or error in the rate filing.
This court and others of this state have often made use of the doctrine of the last antecedent as an aid to statutory construction. See, Kirksey v. State, 433 So.2d 1236 (Fla. 1st DCA 1983) (generally, use of the disjunctive "or" in a statute indicates alternatives were intended and requires that such alternatives be treated separately; hence, language in clause following disjunctive is considered inapplicable to subject matter of preceding clause); McKenzie Tank Lines, Inc. v. McCauley, 418 So.2d 1177 (Fla. 1st DCA 1982); Brown v. Brown, 432 So.2d 704 (Fla. 3rd DCA 1983). Apparently relying on this rule, the hearing officer found that the language "for a period of 1 year after the effective date of filing" does not modify the clause "rate for which it has given final approval."
The issue before us is not whether the statute can be construed as did the hearing officer, but rather, whether it must be so *316 construed. We agree with the Department's view that a reading of the third sentence, in conjunction with the two preceding sentences and related statutes in pari materia, does not require the interpretation given by the hearing officer, but to the contrary, supports the interpretation of the Department. Moreover, without suggesting that the "last antecedent" rule lacks validity or usefulness, we note that the rule itself is not absolute. The discussion found in 49 Fla.Jur.2d, "Statutes," § 129 is instructive:
Grammatical rules are not conclusive, however, and the true meaning, if clearly ascertained, must prevail even though contrary to the apparent grammatical construction... . And there are cases where, instead of applying qualifying words and phrases to their next antecedent, as strict grammatical construction might require, they are applied distributively to that part of the subject matter to which they appear by the context most properly to relate.
To the same effect, 73 Am.Jur.2d, "Statutes," § 230, states, in part:
The last antecedent, within the meaning of this rule, has been regarded as the last word which can be made an antecedent without impairing the meaning of the sentence. This rule of statutory construction, however, is not controlling or inflexible. The rule is not applicable where a further extension or inclusion is clearly required by the intent and meaning of the context, or disclosed by the entire act.
Faced with a similar problem of grammatical construction Mr. Justice Brandeis, writing for the court in Porto Rico Ry., Light & Power Co. v. Mor, 253 U.S. 345, 40 S.Ct. 516, 64 L.Ed. 944 (1920), stated: "When several words are followed by a clause which is applicable as much to the first and other words as to the last, the natural construction of the language demands that the clause be read as applicable to all." 253 U.S. at 348, 40 S.Ct. at 518.
As the above discussion indicates, the Department followed accepted usage in finding that, considering the context in which it appears, the clause "for a period of 1 year after the effective date of filing," is as much applicable to rates given "final approval" as to rates "deemed approved."[2] In this connection it is noteworthy that the statutory provision placing a time limit upon the Department within which it must "finalize" its review, subsection 627.062(2)(a)1 (known as the "file and use" provision), is the same provision containing the "deemed approved" language. By contrast, subsection 627.062(2)(a)2 (the "use and file" provision), contains no time limit for the Department's review and approval or disapproval of rates, and does not contain a "deemed approved" provision. Thus, formal "final approval" and approval under the "deemed approved" provision simply identify the two ways in which approval may be obtained under the "file and use" procedure.
Finally, as argued by the Department, the concept embraced by the hearing officer  and urged by Fortune on appeal  that once "finally approved" a rate remains thereafter forever approved, is not only contrary to the expressed purposes of the rating law and the provision for review for excessiveness "at any time," but is also inconsistent with statutory directives enumerating factors that the Department shall consider in the reviewing process. These factors, under subsections 627.062(2)(b), 1-13, (c), (d) and (e), include among other things the insurer's loss experience; expenses; income from invested premiums; the cost of reinsurance; trend factors, including trends in actual losses; profits received in relation to the risk involved; and other relevant factors which impact on the frequency or severity of claims or upon expenses. It is apparent, as the Department urges, that the factors involved in determining the excessiveness of rates are not constant, but are variable over a period of time. We agree with the Department's conclusion that to restrict the Department's reviewing *317 authority as urged by Fortune would tend to limit the Department's ability to discharge its legislatively delegated duties in a manner not intended by the Legislature.
Accordingly, the order appealed is AFFIRMED.
KAHN and DAVIS, JJ., concur.
NOTES
[1] We have stated Fortune's view as reflected by its brief. However, we note that at oral argument before this court, Fortune's counsel conceded that the "period of 1 year" language of the statute was capable of two interpretations, and that the one adopted by the hearing officer made "more sense."
[2] The present case thus appears to be an instance permitting the application of the "possible presumption," referred to by Professor Reed Dickerson, "that, the word `or' is used in the inclusive sense of `A or B, or both,' unless the context affirmatively shows that it is used in the exclusive sense of `A or B, but not both.'" Dickerson, The Interpretation and Application of Statutes, p 233 (Little, Brown & Co., 1975).