699 So.2d 255 (1997)
The CITY OF JACKSONVILLE and the City Council of the City of Jacksonville, Appellants,
v.
AMERICAN ENVIRONMENTAL SERVICES, INC. and American Environmental Leasing Corporation, Appellees.
No. 96-4222.
District Court of Appeal of Florida, First District.
August 5, 1997.
Rehearing Denied September 19, 1997.
*256 Tracey I. Arpen and Susan C. Grandin, Assistant General Counsel, Jacksonville, for Appellants.
T.R. Hainline, Jr. and Richard L. Maguire of Rogers, Towers, Bailey, Jones & Gay, Jacksonville, for Appellees.
PER CURIAM.
American Environmental Services, Inc. (AES) filed a complaint in circuit court seeking a declaratory judgment, injunctive relief and certiorari review challenging the validity of Jacksonville ordinances governing applications for zoning exceptions, as well as the actual denial of AES's application for a zoning exception, and challenging the application and validity of ordinances governing review of local certificate of need applications. In the order granting certiorari, the court below held that AES was entitled to the special zoning exception for which AES had applied, and quashed the City's denial of the exception. Review of that order was separately sought by petition for writ of certiorari in case no. 97-422. By order entered July 18, 1997, this court denied the City's petition for writ of certiorari, ruling that the City failed to show that the proceedings below did not comport with the essential requirements of the law. Thus all issues regarding the special zoning exception which have been raised in this appeal by the City of Jacksonville from the declaratory judgment entered separately below have now been rendered moot. Therefore we write only to address the judge's declaratory statement concerning the applicability and validity of the local certificate of need application ordinances. We hold that AES could not properly be required to obtain a local certificate of need from the City of Jacksonville, and therefore we affirm.
The circuit court correctly concluded that Jacksonville's CON ordinances, as applied to AES's proposed hazardous waste transfer station, are in conflict with, and pre empted by, chapter 403 of the Florida Statutes. The Jacksonville ordinances require a determination of local need, and impose a condition that the waste only be of a type generated in Duval County. Section 380.107, Jacksonville, Fla., Code, expressly states, in pertinent part:
[t]he Council shall not issue a certificate for any hazardous waste treatment, storage and/or transfer facility unless it finds that a significant amount of hazardous wastes generated in Duval County are not disposed or managed properly and that certification of the proposed facility will significantly improve the management of hazardous waste in Duval County. Any certificate for a hazardous waste treatment storage and/or transfer facility shall contain the condition that the facility may process only hazardous waste of the kind generated in Duval County.
Chapter 403 of the Florida Statutes clearly describes a statewide need for hazardous waste facilities. See, e.g., § 403.7225(8), Fla. Stat. (1995). The Florida statutes also clearly contemplate regional (as distinct from local) facilities for the transfer, storage and treatment of hazardous waste. See, e.g., §§ 403.7225(7); 403.723, Fla. Stat. (1995). While the statutes refer to local assessments of hazardous waste management, that does not indicate that the City of Jacksonville can prevent this facility by determining a lack of local need. The stated purpose of such local assessments is to compile information for an assessment of need "in the state." See, e.g., § 403.7225, Fla. Stat. (1995).
Local governments have been expressly prohibited from enacting any "law, ordinance, or rule pertaining to the subject of hazardous waste regulation ... more stringent than department rules adopted under the authority of" chapter 403. See § 403.7225(10), Fla. Stat. (1995). "We are required to consider a statute as a whole in *257 determining the legislature's intent." Escambia County v. Trans Pac, 584 So.2d 603, 605 (Fla. 1st DCA 1991). Upon our review of chapter 403 in its entirety, we are convinced that local governments are entitled to control the zoning of such facilities, and to impose necessary conditions to protect the health, safety and welfare of their citizens as part of that process, but may not impose an additional obligation to satisfy a test for local need. See id.
AFFIRMED.
ERVIN, DAVIS and BENTON, JJ., concur.