[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 10-13890
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEB 10, 2011
JOHN LEY
CLERK

D.C. Docket No. 0:09-cv-60613-ASG

CHRISTOPHER MARLER,

Plaintiff - Appellant,

versus

U-STORE-IT MINI WAREHOUSE CO.,
a foreign corporation,
USI LIMITED PARTNERSHIP,
a foreign limited partnership,
a.k.a. U-Store-It, L.P.,
f.k.a. Acquiport/Amsdell I Limited Partnership,
U-STORE-IT-TRUST,
a Declaration of Trust,
YSI MANAGEMENT, LLC,
a foreign limited liability company,
ACQUIPORT/AMSDELL I LIMITED PARTNERSHIP,

Defendants - Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(February 10, 2011)

Before BLACK, WILSON and PRYOR, Circuit Judges.

PER CURIAM:

Christopher Marler appeals the summary judgment in favor of U-Store-It Mini Warehouse Company, USI Limited Partnership, U-Store-It-Trust, YSI Management, LLC, and the Acquiport/Amsdell I Limited Partnership (collectively "U-Store-It"). Marler stored three service trucks in warehouse space that his company, Fleet Service Specialist, Inc., leased from YSI Management and was owned by U-Store-It. Marler was injured at the leased space while repairing one of his service trucks, and he complained that U-Store-It had acted negligently by failing to maintain the asphalt at its facility. The district court ruled that an exculpatory clause in the lease insulated U-Store-It from liability. We affirm.

Marler signed the lease and, in paragraph 19, "acknowledge[d] that neither [U-Store-It] nor [YSI Management] [had] made any representations or warranties, either express or implied, as to the safety of the property, the Space [or]

2

otherwise." In the same paragraph, Marler agreed that neither U-Store-It or YSI

Management would be liable for "personal injury or loss or damage to any

Personal Property" caused by any intentional or negligent act or omission:

> Neither [U-Store-It] nor [YSI Management] shall be liable to Occupant or any other party for personal injury or loss or damage to any Personal Property arising from any cause whatsoever . . . regardless of whether such loss or damage is caused by the intentional or negligent acts or omissions of [U-Store-It-], [YSI Management], [U-Store-It]'s or [YSI Management]'s agents, Occupant or any other party.

Paragraph 6 of the lease prohibited occupants from "park[ing] any vehicle at the

Property . . . except in areas designated by [U-Store-It] and then only during such

periods necessary for the performance of and while Occupant is exercising its

rights, duties and obligations hereunder," and paragraph 9 of the lease prohibited

occupants from "perform[ing] any mechanical or restoration work on any vehicle

either in the Space or at the Property."

While Marler was repairing one of his service trucks at the warehouse, some

asphalt under the truck crumbled, and the truck crushed Marler's right arm.

Marler filed a complaint in a Florida court and alleged that U-Store-It had acted

negligently by failing to maintain the asphalt in a safe condition or warn Marler

that the asphalt was unsafe. After U-Store-It removed the action to district court,

U-Store-It moved for summary judgment on the grounds that it was relieved of

3

liability under the exculpatory clause in paragraph 14 of the lease; Marler had breached Paragraph 9 of the lease, which prohibited repairing vehicles at the warehouse; and U-Store-It did not breach a duty owed to Marler. Marler responded that U-Store-It had violated the Florida Building Code and that violation nullified the exculpatory clause and U-Store-It had waived its right to enforce paragraph 9.

The district court granted summary judgment in favor of U-Store-It. The district court ruled that the language of the exculpatory clause was "sufficient to indemnify [U-Store-It] against their own negligent acts" and "insulated [it] from any injuries Marler sustained on" the warehouse property. In response to Marler's argument that the clause was not "sufficiently clear and unequivocal to pass muster under Florida law," the district court ruled that the clause contained "precisely the type of language which Florida courts [had] upheld as sufficient" to "indemnif[y]" a party "against its own negligence." The district court also ruled that there was no "genuine issue of material fact as to whether [U-Store-It] violated the Florida Building Code" because Marler and his expert acknowledged there were no written guidelines or standards governing the thickness of asphalt and, alternatively, Marler failed to provide any authority that a violation would invalidate the exculpatory clause. The district court declined to "consider whether

4

Marler [was] owed any duty of care because he violated" paragraph 9, "whether [U-Store-It] waived [its] right to enforce" the provision, or whether U-Store-It breached a duty owed to Marler "[b]ecause the exculpatory clause [was] valid" and "insulate[d] [U-Store-It] from suit for any personal injuries occurring on the property."

The contract states in "clear and unequivocal terms" that U-Store-It shall be indemnified against its own negligence. Etiole Intern., N.V. v. Miami Elevator Co., Inc., 573 So. 2d 921, 922 (Fla. Dist. Ct. App. 1990). Marler argues that the phrase "caused by the intentional or negligent acts or omission" modifies only the preceding clause "loss or damage" and does not apply to "personal injuries," but we disagree. "[T]he doctrine of the last antecedent is not an absolute rule," Penzer v. Transp. Ins. Co., 29 So. 3d 1000, 1007 (Fla. 2010) (citing United States v. Hayes, 129 S. Ct. 1079, 1086 (2009), and Fortune Ins. Co. v. Dep't of Ins., 664 So. 2d 312, 316 (Fla. Dist. Ct. App. 1995)), and "'is not applicable where a further extension or inclusion is clearly required by the intent and meaning of the context'" of the contract, Fortune Ins., 664 So. 2d at 316 (quoting 73 Am. Jur. 2d Statutes § 138). If a "plain reading of the language," Penzer, 29 So. 3d at 1007, reveals that "'several words are followed by a clause which is applicable as much to the first and other words as to the last, the natural construction of the language

demands that the clause be read as applicable to all.'" Fortune Ins., 664 So. 2d at 316 (quoting Porto Rico Ry., Light & Power Co. v. Mor, 253 U.S. 345, 348, 40 S. Ct. 516, 518 (1920)). The exculpatory clause states that U-Store-It is insulated from liability for "such loss or damage," which includes "personal injuries," that have been caused by its "negligent acts or omissions." See Winn Dixie Stores, Inc. v. D & J Const. Co., 633 So. 2d 65, 65–66 (Fla. Dist. Ct. App. 1994) (interpreting indemnity agreement that covered "any claim or loss . . . notwithstanding such accident or damage may have been caused in whole or in part [by the] negligence of" Winn Dixie insulated it against liability for personal injury to an employee of D& J Construction). The exculpatory clause absolves U-Store-It of liability for any negligence that might have caused Marler's personal injury.

We **AFFIRM** the summary judgment in favor of U-Store-It.